IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD-LEON AIKENS, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-381-RGA |
| NCCPD CHIEF OFFICER COLONEL VAUGHN M. BOND, JR., et al., | : |
| Defendants. | : |

Gerald-Leon Aikens, Jr., Wilmington, Delaware.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 1, 2021
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Gerald-Leon Aikens, Jr., who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on March 15, 2021. (D.I. 2). On April 12, 2021, Plaintiff filed a "judicial complaint notice and petition for redress of remedy default judgment," construed as a motion for default judgment. (D.I. 5). I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges violations of the Second and Fourth Amendments. (D.I. 2 at 3). Defendants are Colonel Vaughn M. Bond, Jr., Justices of the Peace Mirta Collazo and David Skelley, and Officer Dooley. The factual allegations are taken from a statement of facts attached to Plaintiff's notice of international commercial claim administrative remedy. (D.I. 2-1 at 3). On January 14, 2021, Plaintiff arrived to find several New Castle County police outside his home. (*Id.*). The officers approached Plaintiff and asked him about a firearm given to him by Chrystal Lambert. (*Id.*). Before Plaintiff answered, he informed Defendant Officer Dooley that he is a "private citizen" outside Dooley's jurisdiction and gave Dooley his "legal non U.S. citizen American National Secured Party Creditor Private Banker identification registered with the NY State Secretary of State which was verifiable with the UCC QRC Code." (*Id.*). Dooley asked Plaintiff questions about the firearm and Plaintiff explained it belonged to a friend and that he was holding the weapon in the back of a downstairs closet. (*Id.*).

Dooley then asked Plaintiff about the State of Indiana because Lambert had told Dooley some things, and Plaintiff explained the information was incorrect. (*Id.*). Dooley

2

left to do an interstate check for Indiana, returned to inform Plaintiff about "probation 24 years ago," and asked Plaintiff to step out of the car. (*Id.*). Dooley detained and handcuffed Plaintiff. (*Id.*). Dooley searched Plaintiff and removed property from Plaintiff's pockets, escorted Plaintiff to his patrol car. and took Plaintiff to the New Castle County police station. (*Id.*). There, Plaintiff was placed in a holding cell where he remained for four to five hours before he was questioned or read his Miranda rights. (*Id.*).

Later, Dooley interrogated Plaintiff. (*Id.*). Plaintiff told Dooley that the gun did not belong to him, that it belonged to Christopher Davis. (*Id.*). Plaintiff gave Dooley Davis' telephone number. (Id.). Plaintiff waited another three and one-half hours before speaking to Defendant Justice of the Peace Mirta Collazo. (*Id.*). J.P. Collazo advised Plaintiff that "his trust" was being charged for purchasing a firearm and ammunition. (*Id.*). (It is not clear what the crimes being charged were, but inasmuch as purchasing a firearm and ammunition are not crimes under Delaware law, presumably Plaintiff's description of the charges is incomplete.). Bail was set, and Plaintiff bailed out approximately one to two hours later. (*Id.*). He alleges that his rights were violated when he was detained under duress for seven and one-half hours. (*Id.*).

Plaintiff seeks $39,300,000 in compensatory damages, and the removal of all information held in copyright. (D.I. 2 at 7).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

3

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most

favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

## DISCUSSION

**Judicial Immunity**. Named defendants include Justices of the Peace Mirta Collazo and David Skelley. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity

5

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citations omitted).

Justices of the Peace Collazo and Skelley are listed as receiving notices of Plaintiff's notice of international commercial claim administrative remedy. (D.I. 2-1 at 1). There are no allegations directed towards J.P. Skelley. As to J.P. Collazo, Plaintiff spoke to her, appeared in front of her, and she set bond following his arrest. Clearly, any actions taken by J.P. Collazo are related to actions she took in her judicial capacity. In addition, there are no facts that would show that J.P. Collazo acted in the absence of jurisdiction. The claims are frivolous and the judges are immune from suit. Both Justices of the Peace Collazo and Skelley will be dismissed as defendants. Amendment is futile as to any claims raised against them.

**Personal Involvement**. The claim against Defendant New Castle County Chief Colonel Bond appears to be based upon his supervisory position. There are no allegations directed towards him. Bond's name is merely listed as an individual who was given Plaintiff's notice of international commercial claim administrative remedy. (D.I. 2-1 at 1).

It is well established that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F. Supp. 2d 845, 848-49 (D. Del. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she

neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (cleaned up). Vicarious liability is inapplicable to § 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right." *Rahim*, 831 F. Supp. 2d at 849.

Plaintiff provides no facts as to how or when Bond violated his constitutional rights. Plaintiff does not allege that Bond expressly directed the deprivation of his constitutional rights. Nor are there are any allegations that Bond played any role in the alleged wrongdoing or was in any way responsible for the acts of any of the other named defendants. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for the reasons discussed above, the Court will dismiss the claims against Colonel Bond. The Court finds amendment futile as to those claims.

**Claims against Dooley**. Plaintiff alleges infringement of his right to bear arms in violation of the Second Amendment to the United States Constitution and violations of the Fourth Amendment. Plaintiff does not specifically allege that Dooley violated his constitutional rights. Liberally construing the Complaint, as the Court must, it seems the claims are raised against Dooley since he is the officer that stopped, detained, searched, and arrested Plaintiff on January 14, 2021 for firearm violations.

**Second Amendment**. Plaintiff alleges that he was in possession of a firearm owned by another individual. While the Complaint reveals where Plaintiff kept the weapon, at no point does it allege that the weapon was taken from Plaintiff. In addition, Plaintiff alleges that he was charged with purchasing a firearm and purchasing ammunition, but it does not provide the statutory basis for the charges. He does not

state that arrest was not based on probable cause. Nonetheless, Plaintiff alleges a violation of his right to bear arms.

Although the Second Amendment guarantees an individual right, it is "not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). The Second Amendment is not implicated by the seizure of individual firearms. *Fairbanks v. O'Hagan*, 255 F. Supp. 3d 239, 245 (D. Mass. 2017) (citing *Hopkins v. Claroni*, 2015 WL 2371654, at *7 (D. Maine May 18, 2015)). To establish a violation of the Second Amendment, Plaintiff must show that he has been kept from acquiring any other legal firearms. *Id.* (quoting *Tirado v. Cruz*, 2012 WL 525450, at *6 (D.P.R. Feb. 16, 2012). Thus, even if Plaintiff were to allege that Dooley seized his firearm in violation of the Second Amendment, the Complaint would fail to state a plausible claim. *Id.* (finding that police officers did not violate plaintiff's Second Amendment rights by seizing firearms during search of home). To the extent the firearm in Plaintiff's possession was seized (and this is far from clear), he fails to state a plausible claim under the Second Amendment. *See Fairbanks v. O'Hagan*, 255 F. Supp. 3d at 245 (citing *Tirado v. Cruz*, 2012 WL 525450, at *6).

To the extent Plaintiff claims he has been kept from acquiring other legal firearms, the claim is alleged in a conclusory manner without supporting facts. The allegations are only that Plaintiff was arrested due to firearms and ammunition violations. Plaintiff does not explain how his rights under the Second Amendment were violated.

Plaintiff fails to state right to bear arms claims in violation of the Second Amendment. Therefore, the claims will be dismissed. The Court finds amendment futile as to this claim.

**Fourth Amendment**.   Plaintiff alleges his rights were violated when he was detained under duress for over seven hours. The claim is liberally construed as a false imprisonment claim. The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. U.S. Const. amend. IV; *Maryland v. King*, 569 U.S. 435, 447 (2013).

A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). This means that a claim of false imprisonment derives from and depends on an arrest without probable cause. *See Johnson v. Camden Cty. Prosecutors' Office*, 2012 WL 273887, at 4 n. 2 (D.N.J. Jan. 31, 2012) (stating that a false imprisonment claim under § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law but that the claim is derivative of a Fourth Amendment claim for arrest without probable cause) (citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Groman*, 47 F.3d at 636).

"Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting

*Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Philadelphia Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

As alleged, Plaintiff admitted to Dooley that he had in his possession a firearm that did not belong to him and that he was keeping for another individual. Also, as alleged, Dooley conducted a "check" on Plaintiff and discovered that Plaintiff had been on probation approximately 24 years ago. Finally, as alleged and described, Plaintiff's identification card is one not normally held by Delaware residents. Given the allegations, Dooley could have reasonably believed at the time of arrest that an offense was being committed and that probable cause existed for the arrest. *See Ferry v. Barry*, 2012 WL 4339454, at *5 (D.N.J. Sept.19, 2012) ("[B]ecause Plaintiff is unable to demonstrate the absence of probable cause, he fails to state a claim for false arrest and this claim must be dismissed, along with his derivative claim for false imprisonment arising from the detention pursuant to that arrest.") (citation omitted).

The Complaint does not allege that Dooley arrested Plaintiff without probable cause and therefore does not allege Dooley violated Plaintiff's Fourth Amendment rights. Therefore, the claim will be dismissed. Although there is nothing to suggest that Plaintiff can amend the Complaint to state a Fourth Amendment claim against Officer Dooley, the Complaint is missing the relevant details that would permit an informed judgment that amendment would be futile.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot the motion to remedy default judgment (D.I. 5); and (2) dismiss the Complaint as legally frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and for failure to state a Fourth Amendment claim against Officer Dooley pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court finds amendment futile as to everything other than the Fourth Amendment claim against Officer Dooley.

An appropriate order will be entered.